(86 South. 913)

## No. 24018.

## PEAVY–WILSON LUMBER CO. v. POLICE JURY OF SABINE PARISH et al.

(Jan. 3, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Taxation ⬦498—Assessment held shown in excess of limit, and properly enjoined.**

A parish's general alimony tax, levied under Act No. 32 of 1902, which increased the tax beyond the general limitation of Act No. 191 of 1918, which has become a constitutional amendment, should be enjoined.

**2. Constitutional law ⬦42—Police jury cannot set up unconstitutionality of limitation of rate of tax in that bondholders' rights are denied thereby.**

In an action to enjoin an assessment because in excess of constitutional limitation, bondholders of the parish not being parties, the police jury cannot champion their rights by setting up the unconstitutionality of the limitation, in that it will prevent payment of the bonds.

Appeal from Twelfth Judicial District Court, Parish of Sabine; John H. Boone, Judge.

Suit by Peavy-Wilson Lumber Company to restrain the police jury of Sabine Parish and others from levying, assessing and collecting current taxes. Judgment for plaintiff, and defendants appeal. Affirmed.

Don E. So Relle, of Many, and W. M. Lyles, of El Paso, Tex., for appellants.

R. A. Fraser, of Many, for appellee.

DAWKINS, J. Plaintiff is the owner of property situated in the parish of Sabine, assessed on the rolls of 1919 for more than $2,000,000. It brings this suit to restrain the police jury, assessor, and tax collector from levying, assessing, and collecting a 1¼-mill tax upon its said property in excess of the general 5-mill tax authorized by the Act No.

191 of 1918, which has become an amendment to the present Constitution.

Plaintiff alleges that prior to 1918, the parish of Sabine had, pursuant to Act No. 32 of 1902, dedicated one mill of the excess of the avails of the 10-mill general tax, above its necessary, statutory, and usual charges, which it was then authorized under the Constitution to levy, to the payment of a bond issue of $30,000, running over a period of years, including 1919, for building good roads; and that in 1916 it likewise dedicated another 2½ mills of said general tax to the payment of bonds, also issued pursuant to Act No. 32 of 1902, for building a courthouse. Plaintiff further alleges that prior to the amendment of the Constitution of 1918 above referred to property in the parish of Sabine was assessed at not exceeding 60 per cent. of its actual value, and that under the law as it now stands all property must be and was assessed for its full value in the parish of Sabine for the year 1919 (the year for which the levy in contest is attacked), and that the result will be to afford the parish approximately the same amount of revenue at 5 mills which it would have received under the old law at 10 mills on the dollar.

Plaintiff alleges in conclusion that the proposed levy, assessment, and collection of said 1¼-mill tax would violate the amendment of the Constitution above mentioned, and hence prays that defendants be enjoined from proceeding further therewith.

Defendants admit the allegations of fact, save as to the sufficiency of its revenues above necessary, statutory, and usual charges to meet said bonds; denies the conclusions of law asserted by plaintiff, and pleads that, in so far as the amendment of 1918 tends to deprive it of the funds with which to pay the bonds issued prior to 1918, said amendment is violative of the provisions of the federal Constitution prohibiting the di-

vesting of vested rights and the impairment of the obligations of contracts.

The case was submitted upon an agreed statement of facts, there was judgment for plaintiff, enjoining defendants from further attempting to impose said tax, and the latter have appealed.

### The Facts.

The facts, as approved by both sides, are as follows:

Plaintiff's assessment was $2,742,070, and the amount of taxes in contest $3,427.59.

By ordinance adopted in 1914 the police jury had issued $30,000 worth of bonds to build good roads, for the payment of which it pledged 1 mill of the general 10-mill tax then authorized by the Constitution, pursuant to Act No. 32 of 1902, and for 1919 there became due thereon, in principal and interest, $3,750.

In 1918, defendant jury issued bonds in similar manner to the extent of $80,000 to build a courthouse, to the payment of which it dedicated 2½ mills of said 10-mill tax, and for 1919 the amount due in principal and interest was $10,715.00.

That prior to 1919 property had never been assessed for its full value in said parish, .40 per cent. of actual value being used in 1917 and 60 per cent. in 1918, but that in 1919, the basis of assessment was full value.

That the total assessment for the parish in 1919 was $13,122,102.

The budget for 1919 filed in evidence is as follows:

"Budget of Sabine Parish Louisiana for
the Year 1919.

"Many, La., Nov. 6, 1918.

| | |
|---|---:|
| Court expense | $ 5,000 00 |
| Dist. Atty. cost | 1,200 00 |
| Justice of peace and constable | 1,800 00 |
| Printing | 800 00 |
| Police jury per diem | 1,800 00 |
| Health officer and expense | 300 00 |
| Paupers | 1,000 00 |
| Demonstration work | 1,000 00 |
| | $12,900 00 |

| | |
|---|---:|
| Amount brought forward | $12,900 00 |
| Janitor salary | 1,200 00 |
| Treasurer's salary | 2,000 00 |
| Sec't'y police jury | 500 00 |
| Tick eradication | 16,000 00 |
| Sheriff's criminal expense | 500 00 |
| Jail expense | 1,500 00 |
| Coroner | 300 00 |
| Fuel expenses for courthouse and jail | 1,000 00 |
| Surplus Rev. bonds | 4,000 00 |
| Courthouse bonds and coupons | 12,000 00 |
| Lights for courthouse | 500 00 |
| Contingent fund | 10,000 00 |
| | $61,900 00 |
| Sheriff's salary and expense | 7,000 00 |
| Clerk's salary and expense | 4,750 00 |
| Assessor's salary and expense | 4,250 00 |
| School funds | 3 mills." |

There is an error in the addition of the items of the budget, and instead of $61,900, it should be $62,400.

[1] The 5-mill general alimony tax on the assessment of 1919 would produce $65,610.51, of which amount, there must be turned over to the school board for public schools 1½ mills, or $19,683.15, leaving a net balance for all other parochial expenses and the payment of outstanding bonds of $45,827.36; whereas the budget for 1919, exclusive of sheriff's, clerk's and assessor's salaries and expenses, totals $62,400. Included in this budget, however, is the sum of $1,535 more for the payment of amounts maturing on the two bond issues than is shown by the agreed statement of facts to have been due, and there is also included what appears to be a rather large contingent fund of $10,000. Deducting these, there would still remain a deficit of $5,037.64, or the difference between the avails of the 5-mill tax, less school fund, of $45,827.36, and the $50,865 balance of budget. This latter amount, as above indicated, does not include sheriff's, clerk's and assessor's salaries and expenses, but as to the sheriff and clerk it must be borne in mind that their offices ordinarily produce more revenue than is required to pay salaries and running expenses; otherwise the Legislature would hardly have found it

necessary to put most of them, including those of defendant parish, on salary. The assessor must of course be paid out of the general fund, and we have also to consider that there is embraced in the revenues of the sheriff's office a percentage of the taxes collected. Adding to the deficit, per the budget, of $5,037.64, the estimate of the assessor's salary and expense amounting to $4,-250, there would appear a total of $9,287.64 more expenditures to be made than the net revenue which the parish would receive from the 5-mill tax. As hereinabove indicated, these figures include the sums due on both bond issues.

However, the Constitution has set a limit of 5 mills beyond which the parish cannot go in realizing its general alimony; and by that limitation the police juries of all parishes are bound. If this does not produce enough revenue to run the parish on the scale which the police jury thinks appropriate, then it will simply have to practice a stricter economy and eliminate or reduce such items as are least sacramental to its purposes. No one would hardly contend that, in the absence of outstanding obligations, incurred in the circumstances of those in the present case, the police jury would have any right to exceed the 5 mills constitutional limit, no matter how great its needs might be or might exceed the avails of such tax; and it would undoubtedly have to pursue the course just mentioned.

[2] In so far as the rights of the bondholders are concerned, it is sufficient to say that they are not now before us complaining, and no judgment in this case can affect their interests. The police jury or the parish is without standing to champion their claims, and it will be time enough to determine the effect of the amendment to the state Constitution when tested by that of the United States, when the bondholders complain. School Board of Ouachita Parish v. City of Monroe, 132 La. 82, 60 South. 1025. In other words, the Constitution of the state is paramount and binding upon all of its citizens, save and only to the extent that any one with a proper interest may be able to show that he has been denied or deprived of some right guaranteed by the federal Constitution.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.